FILED

2013 JAN 28  PM 12: 53

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Jason K. Feldman SBN 213386
   Ian Wallach, SBN 237849
2  FELDMAN & WALLACH
   606 Venice Blvd., Suite C
3  Venice, CA 90291
   Telephone: (310) 577-2001
4  Fax: (310) 564-2004
   jason@feldmanwallach.com
5  ian@feldmanwallach.com

6

7  Attorneys for Plaintiff,
   RON FEKRAT

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

   CV13-00594-MRP(FFMx)

11  RON FEKRAT,                    )  Civil No.
                                   )
12       Plaintiff,                )  **COMPLAINT FOR MONEY**
                                   )  **DAMAGES**
13  v.                             )  (Federal Tort Claims Act)
                                   )  (Negligence)
14  UNITED STATES OF AMERICA,      )
                                   )
15  THE GEO GROUP, INC.,           )  **JURY TRIAL DEMANDED**
                                   )
16  MANAGEMENT & TRAINING          )  Judge:
                                   )
17  CORPORATION, AND JOHN DOES     )  Crtrm:
                                   )
18  1 – 9.                         )
                                   )
19       Defendants.               )

20

21

22

23

24

25

26

27

28

Complaint for Money Damages (FTCA)

Plaintiff Ron Fekrat, an individual (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Feldman & Wallach, by Jason Feldman, Esq., brings his complaint for money damages against the UNITED STATES OF AMERICA, THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND JOHN DOES 1-9, and alleges:

### I.

### The Parties:

1. Plaintiff is a resident and citizen of the State of California, County of Los Angeles. Plaintiff brings this complaint for money damages for personal injuries suffered as a result of the negligent and wrongful acts and omissions of the officers, agents and employees of the defendant UNITED STATES OF AMERICA, employed by the Federal Bureau of Prisons, THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, and JOHN DOES 1-9.

2. Defendant UNITED STATES OF AMERICA operates and controls the Federal Bureau of Prisons (sometimes hereinafter denoted as the "BOP"), which is charged with maintaining custody of sentenced federal prisoners in its many correctional facilities throughout the United States, and whose officers, agents and/or employees negligently and recklessly exposed the Plaintiff to the potentially deadly disease known as Coccidioidomycosis (also known as "Valley Fever", "San Joaquin Valley Fever", and "Cocci") at its prison facility in Kern County, California, known as Taft Correctional Institution (or "Taft C.I.").

3. Defendant THE GEO GROUP, INC. is a corporation doing business in the State of California that operated Taft C.I. at times relevant to this Complaint and whose officers, agents and/or employees negligently and recklessly

exposed the Plaintiff to the potentially deadly disease known as Coccidioidomycosis at Taft C.I.

4. Upon information and belief, THE GEO GROUP, INC. is a Florida corporation with its principal place of business in Florida.

5. Defendant MANAGEMENT & TRAINING CORPORATION is a corporation doing business in the State of California that operated Taft C.I. at times relevant to this Complaint and whose officers, agents and/or employees negligently and recklessly exposed the Plaintiff to the potentially deadly disease known as Coccidioidomycosis at Taft C.I.

6. Upon information and belief, Defendant MANAGEMENT & TRAINING CORPORATION is a Delaware corporation with its principal place of business in the State of Utah.

7. Defendants JOHN DOES 1- 9 are corporations or individuals who, per contract with Defendant UNITED STATES OF AMERICA, have operated Taft, C.I. at any time relevant to this Complaint.  The identities of these John Doe defendants are not presently known to Defendant as this information is in the exclusive control of the defendants THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION and the UNITED STATES OF AMERICA, and include, but are not limited to, other corporate entities owned by, under the control of, controlled by, or otherwise associated with Defendants THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, and the UNITED STATES OF AMERICA.

II.

Jurisdiction:

8. This action arises from, and this Court has jurisdiction over this action by virtue of the Federal Tort Claims Act, 28 U. S. Code §§ 1346(b), 2671, et seq.

Complaint for Money Damages

The Plaintiff has been injured by the negligent or wrongful acts and omissions of the officers, agents and/or employees of the Defendant UNITED STATES OF AMERICA, acting in the course and scope of their employment.

9. This Court also has jurisdiction over the claims against Defendant THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, and Defendants JOHN DOES 1-9 as such claims are inextricably-intertwined with and ancillary and, in large part, arise from the same set of operative facts to Plaintiff's claims against Defendant UNITED STATES OF AMERICA and, as such, can only be resolved in Federal Court.

10. This Court also has jurisdiction over the claims against Defendant THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, and Defendants JOHN DOES 1-9 on the grounds of diversity pursuant to 28 U.S.C. § 1332(c).

11. The acts and omissions of which Plaintiff complains took place in the State of California.  Accordingly, the law of the State of California controls this action with respect to liability and damages.  28 U. S. Code §§ 1346(b)(1) and 2674.

12. This suit is timely filed.

13. Plaintiff has exhausted his administrative remedies.  Plaintiff has received the final denial of his claim from the U.S. Department of Justice Federal Bureau of Prisons stating that he may bring suit against the UNITED STATES OF AMERICA in an appropriate U.S. District Court not later than six months from the date of mailing of the letter stating the final denial of his claim.  That letter is dated January 13, 2013.

14. Upon information and belief, there is additional information that has come to light since the filing of Plaintiff's administrative claim justifying damages in excess of his administrative claim in an amount to be proven at trial.

Complaint for Money Damages

## III.

## Venue:

15. Venue is proper in the Central District of California, because the Plaintiff resides in this district.  28 U. S. Code §§ 1402(b) and 1391(e)(3).

## IV.

## The Facts Giving Rise to The Complaint:

16. Coccidioidomycosis (commonly known as "Valley Fever" or "San Joaquin Valley Fever" or simply as "cocci") has long been known as a serious infectious disease which is contracted by the inhalation of an airborne fungus, Coccidioides immitis, which is endemic in the soil of various areas of the Southwest.  Nowhere is it more prevalent than in Kern County in the San Joaquin Valley of California.

17. In June of 1994, the U. S. Centers for Disease Control and Prevention (commonly referred to as the "CDC"), in its publication called the Morbidity and Mortality Weekly Report (MMWR) issued an article prepared by a group of physicians and scientists preeminent in the field of infectious disease, entitled "Coccidioidomycosis -- California, 1991-1993."  The article reported on the devastating impact of Valley Fever in California, as well as the fact that in the years 1991 through 1993, 70% of the reported cases of coccidioidomycosis in California arose from Kern County, in the San Joaquin Valley. [See full article at: http://www.cdc.gov/mmwr/preview/mmwrhtml/00031453.htm]

18. In September of 1996 Doctors Theo N. Kirkland and Joshua Fierer, both of the University of California, San Diego, School of Medicine, published an article in Emerging Infectious Diseases (another publication of the CDC), entitled "Coccidioidomycosis: A Reemerging Infectious Disease."  In this article

5

Doctors Kirkland and Fierer comment on the Valley Fever epidemic of 1991-1993 reported above, and state that: "Kern County, in the San Joaquin Valley, California, is one of the most highly coccidioidomycosis-endemic regions." They also point out later in the article that:

Simple environmental measures, such as planting grass or paving roads in highly populated areas, decrease the amount of airborne dust and lower the risk for coccidioidomycosis. These measures do not necessarily eradicate C[occidioides] immitus from the soil but lower the risk for airborne dispersion of the organism. At present, no practical method exists for eliminating C[occidioides] immitus from the soil.

Drs. Kirkland and Fierer also discuss in their article the efforts to develop a vaccine to prevent Coccidioidomycosis, which as of the date of the article had not been successful. [See the full article cited above at: http://www.cdc.gov/ncidod/eid/vol2no3/kirkland.htm].

19. Preventative measures that can effectively combat the spread of cocci have been known of in the medical and other communities since the 1940s. Such measures were discussed in a 1946 article "article EFFECT OF SEASON AND DUST CONTROL ON COCCIDIOIDOMYCOSIS, JAMA 132:14" by Charles E. Smith, M.d.; Rodney R. Beard, M.D.; Major H. G. Rosenberger; and Major E. G. Whiting. These measures include watering down dusty areas, planting grass or shrubs over dusty areas, and keeping individuals inside during windy conditions. These measures have been shown to reduce the spread of infection by ½ to 2/3rds.

20. The measures identified above have been commonly employed in prisons and other facilities in the San Joaquin Valley, near Taft C.I., since the mid-2000s, and are still being employed today.

21. In 2007, Dwight Winslow, MD submitted recommendations to Coccidioidomycosis mitigation in prisons in the hyperendemic areas in

6

California. The California Department of Corrections and Rehabilitation (CDCR) and the California Department of Health Services (CDHS) implemented several actions designed to reduce inmate and staff exposure to Coccidioidomycosis and mitigate its harmful effects. The recommendations included deferring any new construction that will lead to additional prisoners being housed in hyperendemic areas and providing an indoor recreation area for inmates to use during high wind/dust events; and excluding certain inmates from being housed in a facility that is in the hyperendemic area including those infected with HIV.  These measures have not been implemented at Taft C.I. [See full article at: http://www.cphcs.ca.gov/docs/resources/RecommendationsForValleyFever_0607.pdf]

22.  The Defendants, and each of them, were on notice of the risk of harm from cocci and failed to take actions to protect Plaintiff from that harm.

23.  The Defendants, and each of them, failed to provide and maintain safe and habitable housing for inmates at Taft C.I. (including Plaintiff).

24. No measures were implemented at Taft C.I. by Defendants to protect Taft C.I. inmates from infection at the times relevant to this Complaint.

25.Had the measures above been implemented at Taft C.I. at the times relevant to this Complaint, there is a ½ to 2/3rd chance that Plaintiff would not have acquired Valley Fever.

26.At no time pertinent to this action was there an effective human vaccine available to prevent the disease Coccidioidomycosis, and none exists today. And once contracted, there is no iatrogenic cure for the disease.

27.It is generally accepted that less than 5% of Coccidioidomycosis infections disseminate and cause miliary disease, bone and joint infections (including

osteomyelitis), skin disease, soft tissue abscesses, and meningitis.  However, it is well known that disseminated Coccidioidomycosis is progressive, painful, and debilitating, and that it is uniformly fatal once it progresses to meningitis, if left untreated.  Surgical excision of tissue and bone is the only medical response for some extrapulmonary infections of Coccidioidomycosis.

28. Certain triazole compounds, including Fluconazole (400 mg/day), have been found to be effective in treating most presentations of Coccidioidomycosis; but the drug must be taken daily, and due to previously experienced high relapse rates when azole therapy is stopped, lifelong treatment with Fluconazole is recommended.  And Fluconazole has side effects that are very difficult for many to tolerate.

29. Even though there are more occurrences at Taft C.I. than all other federal prisons combined, preventative measures – commonly employed in other penal institutions in the area -- have yet to be implemented at Taft C.I.

30. Around 2007, Taft C.I. began to primarily house inmates awaiting deportation – resulting in the export of many individuals who had become infected with Cocci.

31. Defendants provide no health-care services that assist those infected with Cocci while incarcerated at Taft, C.I. after their departure or release from custody, leaving these individuals to fend for themselves.

32. In June of 2002, federal inmate Kevin Walker filed a claim against the UNITED STATES OF AMERICA for damages under the Federal Tort Claims Act (as well as Bivens claims against various entities and individuals), alleging negligence on the part of the Government for having transferred him in December 1999 to Taft C.I., a facility that was constructed by the UNITED STATES OF AMERICA with knowledge that the soil upon which it was built

Complaint for Money Damages

was contaminated with fungal spores that are known to cause Valley Fever. *Walker v. United States*, 2007 WL 1577687, Case No. 1:02-cv-05801-AWI (E.D. Cal. 2007) (Ishii, D.J.), at *4. Walker also alleged that the Government knew about the presence of the fungal spore when it began transferring federal inmates to Taft C.I. in late 1997, but it did nothing to prevent inmates from being exposed to Valley Fever. Walker v. United States, 2008 WL 2074475 (E.D. Cal. 2008) (Austin, M.J.), at *2. Walker alleged that the BOP vetoed efforts by the private contractor operating the facility to plant grass to mitigate the dusty conditions. This case was ultimately dismissed but put the defendants in this action on notice of the likelihood of exposure to cocci infection that was imposed on inmates at Taft, C.I.

33. In 2009, a similar action to this was commenced alleging that Defendant UNITED STATES OF AMERICA failed to adequately protect one inmate from acquiring valley fever, which was ultimately resolved (*Panah v. United States of America*, CV-096535) ("the CV-096535 Action"). This action provided further notice to the defendants of the risk of cocci infection at Taft, C.I.. Still no preventative measures were implemented.

34. In the CV-096535 Action, the Court determined that Plaintiff's asserted claims of negligence against Defendant UNITED STATES OF AMERICA were not barred by the discretionary function exception to the Federal Tort Claims Act.

35. In January 2004 the BOP itself, i.e., the Chief of the BOP's Office of Quality Management, in Washington, D.C., through the BOP's Medical Director, issued a system-wide memorandum for all BOP Health Services Staff, which included a "Risk Management Alert" for Valley Fever. The alert described the disease as follows: "Valley Fever is another name for the sometimes deadly infection coccidioidomycosis." (Emphasis added.) The risk management alert

goes on to explain [inexactly] that: "It is called valley fever because the organism that causes it is commonly found in the soil of the southwestern United States, Mexico and parts of Central and South America."   (Actually, the term arose from the high prevalence of the disease in the San Joaquin Valley of California.)   The BOP alert includes the recommendation that: "Persons at risk for valley fever should avoid exposure to dust and dry soil in areas where valley fever is common."

36.  Epidemiological studies have established that individuals of certain races are at higher risk for developing the disseminated form of Coccidioidomycosis, particularly African-Americans and Filipinos, for whom the risk is greatly increased.  This is potentially the result of the absence of a "host-immunity" – a capacity to become infected by not produce symptoms – that is rarely present in individuals that have never previously been exposed to the area. Tests to determine the presence of this "host-immunity" were available at all times relevant to this Complaint, but never made available to anyone arriving at Taft C.I. to determine their potential risk to exposure.

37. While certain races mentioned above are known to be at substantially higher risk of contracting the worst form of Valley Fever, i.e., disseminated Coccidioidomycosis, there is no known medical standard or test available for determining whether any member of the general population (not previously exposed to Coccidioidomycosis and immunized by prior infection) may or may not be susceptible to contracting this worst form of the disease, which some have described as being worse than cancer.

38. Based on the filing and litigations of the Walker and Panah cases, mentioned above, and the BOP's own headquarters memorandum in January 2004, alerting its medical staff system wide as to the danger of the disease

Coccidioidomycosis (Valley Fever), the defendants had indisputable knowledge that this disease was potentially deadly, and that any federal inmate assigned to Taft C.I. was in danger of contracting the disease due to its physical location in the San Joaquin Valley amidst desert and agricultural terrain that generated the dust-borne spores of Coccidioides immitis. The only prudent courses open to the BOP were: (1) provide greater protection, housing, or removal to any inmate at Taft C.I. who did not have a positive coccidioidin skin test indicating immunity; (2) shut down the facility as too dangerous for human habitation; or (3) implement the common and available preventative measures to protect all non-immune inmates from exposure to the dust-borne disease. Otherwise, the incarceration of human beings at Taft C.I. was the equivalent of conducting a human medical experiment on the inmates, without their consent. While the great percentage of inmates might be expected to survive the disease, for an unacceptable percentage of inmates, assignment to Taft C.I. was a potential death sentence.

39. On or about March 5, 2009, Plaintiff, in the UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles), in case number 2:08-cr-01028-PA-2, was convicted of 18 U.S.A. 371 (Conspiracy); 18 U.S.A. 1029 (a)(2) (Fraudulent use of access device).

40. Plaintiff was sentenced to serve 3 years in federal prison. Upon entering federal custody, Plaintiff had not previously been exposed to the disease Coccidioidomycosis. Plaintiff did not travel to the San Joaquin Valley for business or pleasure at any time prior to his assignment to Taft C.I. by the BOP, in 2010.

41. Prior to his assignment to Taft C.I., Plaintiff was in reasonably good health.

42. While the Plaintiff was incarcerated at Taft C.I., the defendants failed to take any particular measures to protect the inmates at Taft from inhaling the naturally occurring airborne dust generated by the desert winds and nearby agricultural activities.  Plaintiff was not provided any special protective breathing masks or other devices, and to his knowledge there was no special air conditioning equipment employed by the facility to filter out the dust occurring in the local environment.  Nor was there any prohibition of outdoor activities during dusty conditions.  Nor was anything done to keep the dust that forms that basis of the facility covered with grass or shrubs.  Nor was that dust ever watered down or oiled down.  Nor were inmates kept inside during windy conditions.  As a result of these errors, Plaintiff contracted Cocci.

43. Plaintiff was diagnosed with Valley Fever on or about November 8, 2010. Plaintiff's symptoms included a high temperature, constant coughing, loss of appetite, night sweats and chills, open sores on his body, weakness and fatigue; and other symptoms.  Plaintiff's very high Complement Fixation indicated a high likelihood of dissemination.  Plaintiff's Valley Fever has also exacerbated existing medical conditions, including, but not limited to, asthma.

44. Plaintiff arrived at Taft CI on or about June 1, 2010 and was transferred to another prison on or about November 11, 2010.  Plaintiff was released from federal custody on or about September 14, 2012. Plaintiff continues to require medical services related to his valley fever infection.

45. As a result of Plaintiff's valley fever infection, Plaintiff will require lifetime medical supervision, treatment, and in all likelihood, medication.

46. It is anticipated that Plaintiff's future medical expenses to care for this infection can range from $100,000.00 to several million dollars.

47. There is no cure presently available for Plaintiff's medical condition.

48. As a result of all his infection, Plaintiff's quality of life and enjoyment of life has severely deteriorated.  His life expectancy may have been decreased considerably. Plaintiff experiences severe physical pain and suffering from the various symptoms of the disease known as San Joaquin Valley Fever, when he first contracted the illness; and continues to experience physical discomfort over time, with exacerbated episodes of illness, as mentioned above.  He will undoubtedly continue to experience similar pain and suffering in the future.

49. Further, Plaintiff must now live with the anxiety and dread of the potential that he may have the disseminated form of Coccidioidomycosis, which could cause an agonizing course of progressive sickness and premature death, should he for any reason be unable to continue his daily regimen of 400 mg of Fluconazole to suppress the disease's natural course, and maintain regular access to medical professionals familiar with the disease, who can continue the careful monitoring necessary to keep his Valley Fever in check.  He will never be "cured" of Coccidioidomycosis.  The best he can hope for is an uneasy truce with the disease, with the help of prescription drugs and knowledgeable doctors.  Plaintiff further lacks any financial means to arrange for and provide such treatment.

## V.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
## UNITED STATES OF AMERICA

(Negligent or Wrongful Act or Omission)

(Failure to Provide Inmate with Safe and Habitable Prison)

50. Plaintiff hereby incorporates by reference paragraphs 1 through 49, above, as if set forth herein in full.

Complaint for Money Damages

51. At all times pertinent to this action, Defendant UNITED STATES OF AMERICA, through its agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory and common law duty to exercise reasonable care to provide the Plaintiff with a safe and habitable place of incarceration, where he could live and work without contracting a potentially fatal disease, despite his best efforts to pursue a healthy life style and avoid activities that might risk his health.

52. At all times pertinent to this action, Defendant UNITED STATES OF AMERICA, through its agents, officers and employees acting within the scope of their offices and employment, negligently and recklessly failed to comply with the aforementioned duty, by instead incarcerating the Plaintiff at Taft, C.I., which it knew to be located on a site regularly immersed in dust containing the airborne spores of Coccidioides immitis, known to be the cause of the incurable and potentially deadly infectious disease Coccidioidomycosis (also known as Valley Fever or San Joaquin Valley Fever), and failing to implement or arrange for the implementation of preventative measures that could have protected Plaintiff from infection.

53. As a predictable result of the foregoing negligence or wrongful acts or omissions, the Plaintiff did, in fact, contract Coccidioidomycosis and has suffered the injuries and damages herein described.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14

Complaint for Money Damages

# VI.

## SECOND CAUSE OF ACTION AGAINST

## DEFENDANT THE UNITED STATES OF AMERICA

(Negligent or Wrongful Act or Omission)

(Premises Liability: Failure to Operate and Maintain Prison Facility

in Safe and Habitable Condition)

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53, above, as if set forth herein in full.

55. At all times pertinent to this action, Defendant UNITED STATES OF AMERICA, through its agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory and common law duty to exercise reasonable care to operate and maintain the Taft C.I. in such a manner as to ensure that it was reasonably safe and habitable for human beings, and that it harbored no latent defects that constituted a dangerous condition and an unreasonable risk of harm to the health and safety of the federal inmates assigned to said prison, including the Plaintiff.

56. At all times pertinent to this action, the Defendant, UNITED STATES OF AMERICA through its agents and employees acting within the scope of their offices and employment, negligently or wrongfully failed to take steps to either make the aforementioned dangerous condition of Taft C.I. safe or adequately warn Plaintiff of the dangerous condition, to wit, the prison's location on a site regularly immersed in airborne dust containing the airborne spores of Coccidioides immitis, all of which caused Plaintiff to contract the incurable and potentially deadly infectious disease Coccidioidomycosis (also known as Valley Fever or San Joaquin Valley Fever), as alleged above, and to suffer the injuries and damages herein described.

## VII.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT

### UNITED STATES OF AMERICA

(Breach of duty of care under 18 USC Section 4042(a))

57. Plaintiff hereby incorporates by reference paragraphs 1 through 56, above, as if set forth herein in full.

58. At all times pertinent to this action, the Defendant UNITED STATES OF failed to provide suitable quarters and provide for the protection, safekeeping, care, and subsistence of Plaintiff.

59. All of which caused Plaintiff to contract the incurable and potentially deadly infectious disease Coccidioidomycosis (also known as Valley Fever or San Joaquin Valley Fever), as alleged above, and to suffer the injuries and damages herein described.

## VIII.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS THE GEO GROUP,

### INC., MANAGEMENT & TRAINING CORPORATION,

### AND THE JOHN DOE DEFENDANTS

(Negligent or Wrongful Act or Omission)

(Failure to Provide Inmate with Safe and Habitable Prison)

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59, above, as if set forth herein in full.

61. At all times pertinent to this action, Defendants THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND THE JOHN DOE DEFENDANTS, through their agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory and common law duty to exercise reasonable care to provide the Plaintiff with a

16

safe and habitable place of incarceration, where he could live and work without contracting a potentially fatal disease, despite his best efforts to pursue a healthy life style and avoid activities that might risk his health.

62. At all times pertinent to this action, Defendants THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND THE JOHN DOE DEFENDANTS, through its agents, officers and employees acting within the scope of their offices and employment, negligently and recklessly failed to comply with the aforementioned duty, by instead incarcerating the Plaintiff at Taft, C.I., which it knew to be located on a site regularly immersed in dust containing the airborne spores of Coccidioides immitis, known to be the cause of the incurable and potentially deadly infectious disease Coccidioidomycosis (also known as Valley Fever or San Joaquin Valley Fever), and by failing to implement preventative measures that could have protected Plaintiff from the infection Plaintiff carries today.

63. As a predictable result of the foregoing negligence or wrongful acts or omissions, the Plaintiff did, in fact, contract Coccidioidomycosis and has suffered the injuries and damages herein described.

64. Defendant's aforementioned conduct was willful and wanton and in reckless disregard of Plaintiff's health and safety, justifying the award of punitive and exemplary damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint for Money Damages

IX.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
## THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION,
## AND THE JOHN DOE DEFENDANTS

(Negligent or Wrongful Act or Omission)

(Premises Liability: Failure to Operate and Maintain Prison Facility

in Safe and Habitable Condition)

65. Plaintiff hereby incorporates by reference paragraphs 1 through 64, above, as if set forth herein in full.

66. At all times pertinent to this action, the Defendant THE GEO GROUP INC., MANAGEMENT & TRAINING CORPORATION, AND THE JOHN DOE DEFENDANTS, through their agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory and common law duty to exercise reasonable care to operate and maintain Taft C.I. in such a manner as to ensure that it was reasonably safe and habitable for human beings, and that it harbored no latent defects that constituted a dangerous condition and an unreasonable risk of harm to the health and safety of the federal inmates assigned to said prison, including the Plaintiff.

67. At all times pertinent to this action, the Defendant THE GEO GROUP INC., MANAGEMENT & TRAINING CORPORATION, AND THE JOHN DOE DEFENDANTS, through its agents and employees acting within the scope of their offices and employment, negligently or wrongfully failed to take steps to either make the aforementioned dangerous condition of Taft C.I. safe or adequately warn Plaintiff of the dangerous condition, to wit, the prison's location on a site regularly immersed in airborne dust containing the airborne spores of Coccidioides immitis, all of which caused plaintiff to contract the

18

incurable and potentially deadly infectious disease Coccidioidomycosis, as alleged above, and to suffer the injuries and damages herein described.

68. Defendant's aforementioned conduct was willful and wanton and in reckless disregard of Plaintiff's health and safety, justifying the award of punitive and exemplary damages in an amount to be proven at trial.

## X.

## DAMAGES

69. As a direct and proximate result of the aforesaid negligent or wrongful acts or omissions by one or more of the defendants, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which has caused and continues to cause Plaintiff substantial physical pain and suffering and debilitation, as well as severe worry, anxiety and emotional distress, as to the potential future course of his incurable disease.

70. As a further proximate result of the aforesaid negligent or wrongful acts or omissions by one or more of the defendants, Plaintiff has been damaged, in that he has incurred, and will continue to incur, medical and related expenses.

71. As a further proximate result of the aforesaid negligent or wrongful acts or omissions, Plaintiff has been damaged, in that, once released, Plaintiff will, from time to time, be unable to work due to temporary total work disability due to illness, because of his physical injury (the contracting of the disease Coccidioidomycosis). Plaintiff also faces a shortened work life expectancy, due to the continuing pain and discomfort, weakness and fatigue and pulmonary symptoms caused by the disease Coccidioidomycosis, of which he will never be cured, despite the diligent pursuit of appropriate medical treatment for said condition. Premature death due to the disease is likewise possible, should it disseminate and progress to meningitis.

## XI.

## JURY TRIAL DEMAND AS TO CLAIMS AGAINST

## DEFENDANT THE GEO GROUP, INC., MANAGEMENT & TRAINING

## CORPORATION, AND THE JOHN DOE DEFENDANTS

In the event that Defendant UNITED STATES OF AMERICA is no longer a party to this action at the time of trial or to the extent that the claims against defendant UNITED STATES OF AMERICA are bifurcated or otherwise separated from the claims against DEFENDANT THE GEO GROUP, INC. or the JOHN DOE DEFENDANTS, Plaintiff herein demands a trial by jury.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant UNITED STATES OF AMERICA, as follows:

1. For general damages according to proof;

2. For medical and related expenses, according to proof;

3. For lost earnings, past and future;

4. For total money damages in the amount of $2,500,000.00.

5. For costs of suit incurred herein;

6. For interest, as allowed by law; and

7. For such other and further relief as the Court may deem proper.

WHEREFORE, Plaintiff prays judgment against the Defendant THE GEO GROUP INC., MANAGEMENT & TRAINING CORPORATION, AND THE JOHN DOE DEFENDANTS, as follows:

1. For general damages according to proof;

2. For medical and related expenses, according to proof;

3. For lost earnings, past and future;

Complaint for Money Damages

4. For total money damages in the amount of $2,500,000.00.

5. For Punitive Damages in an amount to be determined at Trial.

6. For costs of suit incurred herein;

7. For interest, as allowed by law;

8. For such other and further relief as the Court may deem proper.


DATED:  January 25, 2013                    FELDMAN & WALLACH


By: Jason Feldman
Attorneys for Plaintiff

Complaint for Money Damages

Name & Address:
Jason Feldman, Esq. [SBN 213386]
FELDMAN & WALLACH
606 Venice Blvd., Suite C
Venice, CA 90291

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RON FEKRAT

PLAINTIFF(S)

v.

UNITED STATES OF AMERICA, THE GEO
GROUP, INC., MANAGEMENT & TRAINING
CORPORATION, AND JOHN DOES 1-9

DEFENDANT(S).

CASE NUMBER

CV13-00594-MRP (FFMx)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Jason K Feldman__, whose address is 606 Venice BLVD #C Venice CA 90291 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JAN 2 8 2013___

By: ___ANN MARTINEZ___
    Deputy Clerk

    (Seal of the Court)

    1197

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Jason Feldman, Esq. [SBN 213386]
FELDMAN & WALLACH
606 Venice Blvd., Suite C
Venice, CA 90291

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| RON FEKRAT | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV13-00594-MRP(FFMx) |
| v. | |
| UNITED STATES OF AMERICA, THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND JOHN DOES 1-9 | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):   **UNITED STATES OF AMERICA**

     A lawsuit has been filed against you.

     Within ___60___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Jason K. Feldman_____, whose address is _606 Venice Blvd., Suite C, Venice, CA 90291_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   ___January 28, 2013___

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RON FEKRAT

**DEFENDANTS**
UNITED STATES OF AMERICA, THE GEO GROUP, INC., MANAGEMENT & TRAINING CORPORATION, AND JOHN DOES 1-9

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jason Feldman, Esq. of FELDMAN & WALLACH
606 Venice Blvd., Suite C, Venice, CA 90291
Tel: 310-577-2001

Attorneys (If Known)
Susan E. Coleman, Esq., Attorney for The GEO Group, Inc. and Management & Training Corporation
Terrance Jones, Esq., US Attorney Office, Attorney for United States of America

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 2,500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USCS 346(d); 28 USCS 2671, et seq.; Federal Tort Claim Act; Negligence/Premises Liability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☑ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV13-00594

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 2:12-cv-08705-MMM-PJW

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
           ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
           ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
           ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kern County, California |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 1/25/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV13- 594 MRP (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY