UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FEKRAT,<br><br>                   Plaintiff,<br><br>        vs.<br><br>UNITED STATES OF AMERICA; THE<br>GEO GROUP, INC.; MANAGEMENT<br>& TRAINING CORP.; and DOES 1-9.<br><br>                   Defendants. | ) CASE NO. CV 13-00594 MMM (PJWx)<br>)<br>)<br>) ORDER DENYING DEFENDANTS'<br>) MOTION TO TRANSFER VENUE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        Ron Fekrat filed this action against the United States of America, the GEO Group, and Management & Training Corp. ("Defendants") on January 28, 2013, alleging various negligence claims.[1]  On February 25, 2013, GEO Group and Management & Training Corp. filed a motion to transfer the action to the Eastern District of California.[2]  The government joined the motion on

---

        [1]Complaint, Docket No. 1 (Jan. 28, 2013).

        [2]Motion to Change Venue ("Motion"), Docket No. 12 (Feb. 25, 2013); Reply in Support of Motion to Change Venue ("Reply"), Docket No. 31 (April 22, 2013).

1   March 12, 2013.[3]  Fekrat opposes transfer.[4]

2

3                               **I.  BACKGROUND**

4       In March 2009, Fekrat was sentenced to three years in federal prison,[5] and was designated

5 to Taft Correction Institute ("Taft").  Taft is allegedly operated by GEO Group and Management

6 & Training Corp.[6]  It is located in the Eastern District of California.[7]  While he was incarcerated

7 at Taft, Fekrat was diagnosed with Valley Fever.[8]  He alleges that defendants were on notice that

8 other inmates had contracted the disease, yet failed to take precautionary measures to prevent

9 further outbreaks.[9]  Fekrat was transferred to another facility in November 2010, and released

10 from federal custody in September 2012.[10]  Thereafter, he filed this suit in the Central District of

11 California, alleging that defendants negligently managed Taft and failed to prevent or contain the

12 spread of Valley Fever in the prison.

13

14                               **II.  DISCUSSION**

15   **A.**      **Legal Standard Governing Motions to Transfer Venue Under 28 U.S.C. § 1404**

16       Section 1404(a) permits a court to transfer an action "[f]or the convenience of parties and

17 witnesses" and "in the interest of justice," so long as the action could have been filed in the

18

19   _____

20   [3]Joinder in Motion ("Joinder"), Docket No. 20 (Mar. 12, 2013).

21   [4]Opposition to Motion to Change Venue ("Opp."), Docket No. 23 (Apr. 10, 2013).

22   [5]Complaint, ¶ 39.

23   [6]*Id.*, ¶¶ 41, 61.

24
25   [7]Declaration of Susan Coleman ("Coleman Decl."), Docket No. 12 (Feb. 25, 2013), ¶ 2.

26   [8]Complaint, ¶ 43.

27   [9]*Id.*, ¶¶ 29-38.

28   [10]*Id.*, ¶ 44.

transferee district in the first instance.[11]  28 U.S.C. § 1404(a).  See also *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (the district court has broad discretion to transfer a case to another district where venue is also proper); *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge"); *E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) (noting that whether to transfer venue is within "the inherently broad discretion of the Court"); see also 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3847 (2007).  The district court must "'adjudicate motions for transfer [of venue] according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In deciding a motion to transfer venue, the court must weigh multiple factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations.  Wright et al., *supra*, §§ 3841-55; see also *Jones*, 211 F.3d at 498-99 (suggesting that the following factors may be relevant in assessing a motion to transfer venue: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof").

The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice.  See, e.g., *Commodity Futures Trading Comm.*, 611 F.2d at 279; *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555-56 (N.D. Cal.

---

[11]Fekrat concedes that this action could have been filed in the Eastern District of California. (Opp. at 4).

1  1988) ("In seeking to transfer a case to a different district, a defendant bears a heavy burden of

2  proof to justify the necessity of the transfer.  The plaintiff's choice of forum should not be easily

3  overturned").  Indeed, it "is clear that the burden is on the defendant seeking transfer under

4  Section 1404(a) to establish why there should be a change of forum. . . .  Without more, it is not

5  enough that the defendant would prefer another forum, nor is it enough merely to show that the

6  claim arose elsewhere.  And, not surprisingly, transfer will not be ordered if the result is merely

7  to shift the inconvenience of where the action is located from one party to another . . . ."  Wright

8  et al., *supra*, § 3848 (footnotes omitted).[12]

9                    **1.    Plaintiff's Choice of Forum**

10         Despite the broad discretion afforded the district court in determining whether to transfer

11  venue, a plaintiff's choice of venue is generally accorded deference.  See, e.g., *Gulf Oil Corp.*

12  *v. Gilbert*, 330 U.S. 501, 508 (1947) ("It is often said that the plaintiff may not, by choice of an

13  inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or

14  trouble not necessary to his own right to pursue his remedy.  But unless the balance is strongly

15  in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Decker Coal*

16  *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("The defendant must make

17  a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum"); *Florens*

18  *Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002) ("[U]nder Ninth

19  Circuit law, a plaintiff's choice of forum is accorded substantial weight in proceedings under this

20  section, and courts generally will not transfer an action unless the 'convenience' and 'justice'

21  factors strongly favor venue elsewhere," citing *Securities Investor Protection Corp. v. Vigman*,

22  764 F.2d 1309, 1317 (9th Cir. 1985)); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077,

23  1082 (C.D. Cal. 2002) ("There is a strong presumption in favor of the plaintiff's choice of

24  forum," citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000)).

25  _____

26         [12]Defendants concede that the Central District is an appropriate venue; they argue only that
    the Eastern District is more convenient.  (See Motion at 4 (asserting that "even though venue in
27  the Central District may technically be authorized . . . this Court should exercise its discretion to
    transfer venue to the Eastern District")).
28

4

1   Fekrat resides in Los Angeles County, within the Central District of California.[13]
2   Generally, the fact that a plaintiff has filed suit in the district where he resides is a sufficient
3   connection to warrant according his choice of forum deference.  See, e.g., *GTE Wireless, Inc. v.*
4   *Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D. Va. 1999) ("[P]laintiff's choice of its home forum
5   is given more weight than its choice of a foreign forum"); *Orb Factory, Ltd. v. Design Science*
6   *Toys, Ltd.*, 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998) ("[T]he plaintiff's choice is generally
7   accorded more deference where there is a material connection or significant contact between the
8   forum state and the . . . events allegedly underlying the claim, . . . or where the plaintiff is a
9   resident of the forum district").  This factor weighs strongly in favor of denying defendants'
10  motion.

11              **2.      The Convenience of the Parties**

12  Fekrat argues that because he is a resident of Los Angeles County, the Central District is
13  the most convenient forum for him to litigate the action.[14]  He further asserts that he is currently
14  serving a term of supervised release and requires judicial approval to travel out of the Central
15  District.  As a consequence, he suggests, litigating in the Eastern District is less convenient for
16  him than litigating here.[15]  See *S.E.C. v. Rizvi*, No. 4:09–CV–371, 2010 WL 2949311, *11 (E.D.
17  Tex. July 2, 2010) (the fact that defendant had "travel restrictions associated with his parole" was
18  a "legitimate reason" to transfer venue to his home forum).

19  Defendants do not explain why the Eastern District is a more convenient forum.  The
20  complaint alleges that GEO Group is a Florida corporation with its principal place of business in
21  Florida, while Management & Training Corp. is a Delaware corporation with its principal place
22  of business in Utah.[16]  Defendants do not dispute that this information is correct, and they have
23  adduced no evidence contradicting Fekrat's allegations.  Although Taft Correctional Institute is

24  _____

25  [13]Declaration of Ron Fekrat ("Fekrat Decl."), Docket No. 23 (April 10, 2013), ¶ 1.

26  [14]Opp. at 6.

27  [15]Fekrat Decl., ¶ 3.

28  [16]Complaint, ¶¶ 5, 6.

in the Eastern District of California, this alone does not make the Eastern District a more convenient forum. While the Eastern District may be more convenient for defendants, since they are operating there, that added convenience will be offset by the inconvenience to Fekrat. Based on the record before the court, it appears that transferring venue would merely shift the costs of traveling and litigation at a distance from defendants to Fekrat. This is not an appropriate basis for transfer. See *EQ Stuff, Inc.*, 207 F.Supp.2d at 1083-84 (a transfer of venue is generally inappropriate if it merely "shift[s] the costs of litigation" from defendants to plaintiff); *K-Tel International, Inc. v. Tristar Products, Inc.*, 169 F.Supp.2d 1033, 1045 (D. Minn. 2001) ("Section 1404(a) provides for transfer to a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer.' . . . Based on the fact that a transfer to New Jersey would only serve to shift the inconvenience between the parties, this court concludes that this factor weighs in favor of maintaining this action in Minnesota"); *RMS Titanic, Inc. v. Geller*, No. 3:99CV2401(JCH), 2000 WL 306997, * 6 (D. Conn. Jan.10, 2000) ("[T]he court is equally cognizant of the fact that '[s]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.' Thus, where an increase in convenience to the moving parties would result only in an equivalent decrease in convenience to the plaintiffs, a transfer motion will not be granted," quoting *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). Accordingly, this factor does not weigh in favor of transfer.

### 3. The Convenience of the Witnesses

The convenience of witnesses is often the most important factor in determining whether a § 1404 transfer is appropriate. See, e.g., *Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses"); *A.J. Industries v. U.S. District Court*, 503 F.2d 384, 386-87 (9th Cir. 1974) (discussing the importance and history of the convenience of witnesses in evaluating a § 1404 transfer); *Decter v. MOG Sales, LLC*, No. CV 06-1738 MCE GGH, 2006 WL 3703368, *2 (E.D. Cal. Dec. 14, 2006) ("The convenience of the witnesses is said to be the most important

1   factor in considering a transfer motion," citing *Los Angeles Memorial Coliseum Comm'n v. Nat'l*

2   *Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)).  The court accords less weight to the

3   inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the

4   forum in which the lawsuit is litigated.  See, e.g., *Applied Elastomerics, Inc. v. Z-Man Fishing*

5   *Products, Inc.*, No. C 06-2469 CW, 2006 WL 2868971, *4 (N.D. Cal. Oct. 6, 2006) (citing *STX,*

6   *Inc.*, 708 F.Supp. at 1556 (discounting the inconvenience of witnesses who were employees of

7   one of the parties because they could be compelled to testify)); *Hartfield v. Offshore Oil Services,*

8   *Inc.*, No. CV G-06-275, 2006 WL 2670984, *6 (S.D. Tex. Sept. 14, 2006) ("The Court reiterates

9   that the convenience of key witnesses who are employees of the defendant requesting transfer is

10   'entitled to less weight because that party will be able to compel their testimony at trial,'" quoting

11   *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D. Tex. 1992)).

12   "If the [requested] transfer is for the convenience of witnesses, [the] defendant must name

13   the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the

14   reasons why the present forum would present hardship to them."  *Bohara v. Backus Hospital*

15   *Medical Benefit Plan*, 390 F.Supp.2d 957, 963 (C.D. Cal. 2005); see also *Fireman's Fund Ins.*

16   *Co. v. National Bank for Cooperatives*, No. C 92-2667 BAC, 1993 WL 341274, *4 (N.D. Cal.

17   Aug. 27, 1993) ("The movant is obligated to clearly specify the key witnesses to be called and

18   make at least a generalized statement of what their testimony would have included"); *Musical*

19   *Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F.Supp. 62, 66-67 (S.D.N.Y. 1993) ("To

20   meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party

21   seeking transfer must specifically list the evidence and witnesses on which the party intends to rely

22   in the transferee district, along with a general statement of the topics of each witness' testimony.

23   Absent such a showing, the motion should be denied" (citations omitted)).

24   Defendants have failed to identify specific witnesses or the subject matter of the witnesses'

25   testimony.  The only argument they offer is the statement that "it is likely based on location of the

26   facility at issue in Taft that most or all of the witnesses will be located within the Eastern District.

27   Therefore, the convenience of the parties and witnesses dictate that this case be transferred to the

28

Eastern District."[17]  This cursory assertion is not sufficient to satisfy their burden of demonstrating with particularity that the transferee venue is more convenient for the witnesses who will testify at trial.  In their reply, defendants provide some additional detail, arguing that Taft employees and Fekrat's health care providers are located in the Eastern District, and that these individuals are possible witnesses.  Defendants, however, fail to identify a single witness located in the Eastern District on whose testimony they intend to rely, and provide *no* detail concerning the subject matter of the testimony that might be offered by any of the possible categories of witnesses they identify.  See *Motorola Mobility, Inc. v. Microsoft Corp.*, No. 11–3136 SC, 2011 WL 5834923, *4 (N.D. Cal. Nov. 21, 2011) ("The Court also finds that Motorola has not sufficiently explained the materiality of its asserted non-party witnesses.  Motorola has only specifically identified two non-party witnesses by name, Reinhardt and Creech.  It is unclear how important Reinhardt and Creech's testimony would be compared to the testimony of other party and non-party witnesses who reside in the Western District of Washington or other locations outside of this district").  The court, therefore, accords little weight to the location of party employees, and finds that defendants have failed to show that the Eastern District would be a more convenient forum for the witnesses in this case.  This factor therefore weighs against dismissal.

### 4.     The Location of the Evidence

"If [a] motion [to transfer venue] is based on the location of [evidence], the [defendant] must show with particularity the location, difficulty of transportation, and the importance of such record."  *Bohara*, 390 F. Supp.2d at 963; see also *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1133 (C.D. Cal. 2009).  Defendants assert that the Taft facility, where Fekrat contracted Valley Fever, is located in the Eastern District, and therefore the Eastern District is a more convenient forum for obtaining and producing evidence.  Specifically, they assert that the Taft facility and "[t]he environmental conditions that plaintiff is alleging contributed to his Valley Fever" are in the Eastern District.[18]  This argument is inadequate for a

---

[17]Coleman Decl., ¶ 7.

[18]Reply at 2.

number of reasons.

First, to the extent defendants argue that relevant documents are located in the Eastern District of California, they fail to identify specific records, the importance of the records, or that they are so voluminous that it would be difficult to transport them to the Central District. Presumably, evidence pertaining to environmental conditions at the Taft facility will be contained in records that can easily be transported the short distance between the Central and Eastern Districts.  See *In re Triton Limited Sec. Litig.*, No. 5:98CV256, 1999 WL 787565, *11 (E.D. Tex. Sept. 29, 1999) ("Defendants . . . fail to show that these documents are so voluminous that they would be difficult to transport.  Therefore, the Court does not consider this as an important factor in the transfer analysis"); *Bianco v. Texas Instruments, Inc.*, 627 F.Supp. 154, 165 (N.D. Ill. 1985) ("As for defendants' argument concerning the location of relevant documents, we do not believe that this is a compelling factor, given the ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country"); *Met-L-Wood Corp. v. SWS Indus., Inc.*, 594 F.Supp. 706, 710 (N.D. Ill. 1984) (observing that the location of documents is not an important factor "unless documents are so voluminous that their transport is a major undertaking").  Moreover, means of electronic communication will alleviate much of the burden that transportation of documentary evidence might impose.

Second, although defendants assert that a jury visit to the prison facility will be necessary, they do not detail why this is so or provide any legal support for the argument.  There is no indication that relevant evidence regarding the physical layout of the prison cannot, if relevant, be proved up through photographs, videotapes, or a model of the prison facility.  As a consequence, defendants have not persuasively demonstrated that this is a case that will require a visit to the prison facility; absent additional information, the location of the prison has little bearing on the convenience of the forum.  Compare *Williams v. Bowman*, 157 F.Supp.2d 1103, 1109 (N.D. Cal. 2001) (finding that the location of the facility weighed in favor of transfer because "[a] large part of Bowman's defense appears to be that he had no opportunity to assault plaintiff because the examining room was in plain view during the time he allegedly assaulted her. An inspection of the VSPW medical facility is therefore likely to be necessary").  Accordingly,

1    this factor weighs against transfer.

2                    **5.    Which Forum's Law Applies**

3          As both the Central District of California and the Eastern District of California apply the

4    same state and federal laws, this factor has no bearing, and is neutral.

5                    **6.    The Interests of Justice**

6          "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related

7    litigation together, and having a judge who is familiar with the applicable law try the case."

8    *Heller Financial, Inc. v. Midway Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

9    Defendants assert that Fekrat's counsel has filed a substantially similar lawsuit in the Eastern

10   District on behalf of a Taft inmate who also contracted Valley Fever.[19]   "An important

11   consideration in determining whether the interests of justice dictate a transfer of venue is the

12   pendency of a related case in the transferee forum."  *Callaway Golf Co. v. Corp. Trade, Inc.*, No.

13   09–cv–384, 2010 WL 743829, *7 (S.D.Cal. Mar.1, 2010); see also  *A.J. Indus., Inc. v. U.S.*

14   *Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir. 1974) ("The feasibility of

15   consolidation is a significant factor in a transfer decision, although even the pendency of an action

16   in another district is important because of the positive effects it might have in possible

17   consolidation of discovery and convenience to witnesses and parties").  Defendants provide no

18   detail regarding the lawsuit pending in the Eastern District, apart from asserting that it is based

19   on "extremely similar allegations."[20]   The court has reviewed the docket for that case, and it

20   appears that the complaint asserts causes of action that are the same as those asserted against

21   defendants in this case.[21]   It also appears that the Eastern District case has not progressed beyond

22   this case, given that is was filed in December 2012, roughly one month prior to the initiation of

23   Fekrat's case.   If Fekrat's case were transferred, therefore, it is possible that it could be

24   consolidated, at least for pretrial purposes, with the other pending Valley Fever case.   See

25   _____

26          [19]Coleman Decl., ¶ 4.

27          [20]Coleman Decl., ¶ 4.

28          [21]See Complaint, Case No. 12-02026-AWI-JLT, Docket No. 1 (Dec. 13, 2012).

1   *Johansson v. Central Garden & Pet Co.*, No. C 10–03771 MEJ, 2010 WL 4977725, *4 (N.D.

2   Cal. Dec. 2, 2010) ("Finally, in determining whether a transfer is convenient, case consolidation

3   is a factor to consider, but the important point is that the pendency of another action could have

4   positive effects on consolidation of discovery and convenience to the parties and witnesses.  It

5   seems logical that discovery could be combined where the allegations in the parties' respective

6   complaints are similar").

7           The two actions, however, are not identical.  While they involve similar issues, the cases

8   raise individualized issues that will require separate discovery.  For example, even if the cases

9   were consolidated, there would have to be significant discovery concerning each individual's

10  medical records, the circumstances under which each contracted the disease, and the long-term

11  damages each plaintiff may be facing.  Courts that have transferred cases under § 1404(a) in

12  similar circumstances have generally found that the related case involves identical issues, such that

13  resolution of one case will definitively resolve the other.  See, e.g., *Western Digital Technologies,*

14  *Inc. v. Board of Regents of the University of Texas System*, No. C 10–3595 SBA, 2011 WL

15  97785, *4 (N.D. Cal. Jan. 12, 2011) (transferring a case because "litigating the issues in both

16  forums would force the parties to engage in duplicative discovery and pre-trial motions, require

17  the courts to analyze the same factual and legal issues, and . . . require both courts to construe the

18  same patent terms"); see also *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C–12–5888 EMC, 2013 WL

19  871926, *6 (N.D. Cal. Mar. 7, 2013) (transferring a case because "the two suits involve

20  overlapping issues, such as to what extent X2's actions unlawfully infringe on the '394 patent or

21  constituted unauthorized misappropriation of Bite Tech's trade secrets in view of the Joint

22  Invention clause").  Fekrat is not, and has never been, a party to the suit pending in the Eastern

23  District; while both he and the Eastern District plaintiff allege negligence claims based on

24  defendants' failure to protect inmates against Valley Fever, resolution of the claims of one plaintiff

25  will not be dispositive of the second plaintiff's claim.  See *Wireless Consumers Alliance, Inc. v.*

26  *T-Mobile USA, Inc.*, No. C 03–3711 MHP, 2003 WL 22387598, *4 (N.D. Cal. Oct. 14, 2003)

27  ("Transfer is proper if a like action has been *brought by the same plaintiff* against the same

28  defendant in another district, or another division of the same district" (emphasis added)).  Even

1   if the other Valley Fever plaintiff is unsuccessful in proving that defendants were negligent, Fekrat

2   will be able to pursue his claims and attempt to prove that defendants were negligent as to him.

3         Thus, although this factor weighs in favor of transfer, it does not do so to the extent that

4   it would if Fekrat were a party to the Eastern District case or if that suit would definitively resolve

5   an issue in Fekrat's case.

6                         **7.    Administrative Considerations**

7         Administrative considerations such as docket congestion are given little weight in this

8   circuit in assessing the propriety of a § 1404(a) transfer.  See *Gates Learjet Corp. v. Jensen*, 743

9   F.2d 1325, 1335 (9th Cir. 1984) (forum non conveniens case), cert. denied, 417 U.S. 1066

10  (1985).  Neither party has adduced evidence regarding the relative congestion of court dockets in

11  this district and the Eastern District of California.  Consequently, the court will not take this factor

12  into account in deciding the motion.

13                        **8.    The Balance of the Factors**

14        All but one of the relevant factors weigh against transfer.  Fekrat has chosen to litigate his

15  claim in his home forum; this decision is entitled to significant deference.  See *Decker Coal Co.*,

16  805 F.2d at 842 ("The defendant must make a strong showing of inconvenience to warrant

17  upsetting the plaintiff's choice of forum").  Defendants have proffered little, if any, evidence

18  concerning the relevant factors.  They have thus not made a "strong showing" that transfer is

19  appropriate.  Defendants have identified *no* specific residing in the Eastern District, nor provided

20  even a general summary of the testimony that witnesses located there might provide.  Defendants

21  have also failed to identify any material evidence – documentary or otherwise – that is located in

22  the Eastern District and that cannot be easily transported to the Central District.  They have made

23  no showing that the Eastern District is more convenient for the parties, nor have they

24  demonstrated that litigating Fekrat's case in this forum will result in inefficiencies or waste of

25  judicial resources, particularly because they adduce no detail regarding the Valley Fever case

26  pending in the Eastern District.  The fact that a similar case is pending in the Eastern District, and

27  the possibility that the actions could be consolidated, does weigh in favor of transferring the case.

28  As noted, however, this is not a situation in which two actions are identical; rather, the two cases

1  involve claims brought by different plaintiffs who contracted Valley Fever at different times.

2  Accordingly, the court concludes that the Eastern District is not a more convenient forum and, in

3  its discretion, declines to transfer the case

4

5                              **III.  CONCLUSION**

6         For the foregoing reasons, the court denies defendants' motion to transfer venue to the

7  Eastern District of California.

8

9  DATED: May 6, 2013

10                                    MARGARET M. MORROW
                                       UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28